871 P.2d 5

**STATE of New Mexico, Plaintiff–Appellee,**

**v.**

**Robert SCUSSEL, Defendant–Appellant.**

**No. 13727.**

Court of Appeals of New Mexico.

Feb. 2, 1994.

Certiorari Denied March 11, 1994.

242

Tom Udall, Atty. Gen. and Gail MacQuesten, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Sammy J. Quintana, Chief Public Defender and Christopher Bulman, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

## OPINION

CHAVEZ, Judge.

Defendant–Appellant's motion for rehearing is denied. The opinion filed December 22, 1993, is hereby withdrawn, and this opinion is substituted in its place. Defendant was arrested and charged with driving while intoxicated (DWI). Following a bench trial in Bernalillo County Metropolitan Court, De-

fendant was found guilty of DWI. Defendant appealed his conviction to district court and after a de novo bench trial was found guilty of DWI. Defendant appeals the district court's order. The issues on appeal are: (1) whether the trial court erred in failing to consider whether Defendant's blood alcohol content was .10% at the time of driving; (2) whether the evidence was sufficient to show that Defendant's blood alcohol content was .10% at the time of driving; and (3) whether Defendant was denied effective assistance of counsel. Unpersuaded by Defendant's arguments, we affirm the order of the district court.

### FACTS

At approximately 1:30 a.m. on November 15, 1990, the arresting officer saw Defendant make an illegal U-turn. The officer stopped Defendant and asked for identification and vehicle information. At that time, the officer noticed a strong odor of alcohol on Defendant's breath. He also noticed that Defendant's speech was slurred and his eyes were watery and bloodshot. Defendant told the officer that he had been helping a friend move to Amarillo and after a long day of driving and moving he had stopped at a local bar and consumed two beers just prior to the bar's closing. Defendant had rapidly swallowed one-half to three-quarters of the last beer just minutes before he was stopped by the officer.

The officer administered three field sobriety tests for a determination of intoxication. Defendant displayed balance and coordination problems during the tests. Defendant testified that his lack of coordination was due to back surgery which caused him to suffer physical limitations. Thirty-nine minutes after the stop, Defendant was given a breath alcohol test (BAT) which registered a blood alcohol content (BAC) of .10%. According to Defendant's statement, after the first BAT was taken, the officer requested that he take a second BAT. Defendant refused to take a second test. The officer told Defendant that a second test would possibly give a lower reading for BAC. Defendant again refused to take a second test. Defendant claims that he requested a blood test be taken, but the officer recalled no such request.

At trial below, Defendant argued that he was not "impaired" under subsection A of the DWI statute, and that the State had not proved that his BAC was .10% "at the time of driving" as required by subsection C of the statute. *See* NMSA 1978, § 66–8–102(A) & (C) (Cum.Supp.1993) (effective until January 1, 1994). The district court heard arguments pertaining to both subsections, but found Defendant guilty of DWI with no reference to a particular subsection of the statute. A later attempt to clarify the order failed because the district court no longer had jurisdiction over the case.

*DISCUSSION*

■ In this case, it is not apparent which subsection of the statute was the basis for Defendant's conviction. Although the district court judge discussed the subsections with trial counsel during the trial, the actual wording of the order is that Defendant was guilty of "driving while intoxicated". Even though the district court judge may have verbally indicated that the conviction would fall under subsection C, such verbal comments may not be used as the basis for reversal. *See Ledbetter v. Webb,* 103 N.M. 597, 604, 711 P.2d 874, 881 (1985) (remarks of trial court cannot be used as basis for error on appeal); *State v. Page,* 100 N.M. 788, 793, 676 P.2d 1353, 1358 (Ct.App.1984) (trial court's oral ruling not legally effective).

Therefore, we proceed under the assumption that Defendant's conviction was based on both subsections. *See State v. Watkins,* 104 N.M. 561, 563, 724 P.2d 769, 771 (Ct.App.), *cert. denied,* 104 N.M. 632, 725 P.2d 832 (1986) (state need not specify which subsections violated).

SUBSECTION A

■ Defendant argued below that there was insufficient evidence to show that he was driving his vehicle under the influence of intoxicating liquor as required by subsection A. *See* NMSA 1978, § 66–8–102(A). "Under the influence" means that " 'to the slightest degree defendant was less able, either mentally or physically, or both, to exercise the clear judgment and steady hand necessary to handle an automobile with safety to himself and the public.' " *State v. Myers,* 88 N.M. 16, 19, 536 P.2d 280, 283 (Ct.App.1975)

(quoting *State v. Dutchover,* 85 N.M. 72, 73, 509 P.2d 264, 265 (Ct.App.1973)). It is not necessary that the vehicle be in motion, but only that Defendant exercise control over the vehicle. *See State v. Harrison,* 115 N.M. 73, 846 P.2d 1082 (Ct.App.), *cert. denied,* 114 N.M. 720, 845 P.2d 814 (1993); *Boone v. State,* 105 N.M. 223, 226, 731 P.2d 366, 369 (1986).

■ The evidence showed: Defendant's breath smelled strongly of alcohol; his eyes were bloodshot and watery; and his speech was slurred; he admitted having recently consumed alcohol; he failed three field sobriety tests; he tested at .10% for BAC; and in the officer's opinion, Defendant was intoxicated. This evidence is sufficient to support Defendant's conviction under subsection A. *Haas v. State,* 567 So.2d 966 (Fla.Dist.Ct. App.1990). Defendant's argument that he failed the field sobriety tests due to impairment from back problems goes to the weight and effect placed on that evidence by the district court judge. *See State v. Vialpando,* 93 N.M. 289, 292, 599 P.2d 1086, 1089 (Ct. App.), *cert. denied,* 93 N.M. 172, 598 P.2d 215 (1979).

Moreover, the evidence of intoxication was obtained immediately or very soon after Defendant was stopped. "[A] material fact necessary to support a verdict may be proved by inferences." *State v. Higgins,* 107 N.M. 617, 621, 762 P.2d 904, 908 (Ct.App.1988). Because the evidence was obtained thirty-nine minutes after Defendant was stopped, a factfinder could infer that Defendant was under the influence of alcohol at the time he was in control of the vehicle.

SUBSECTION C

■ Defendant argues that the State failed to produce evidence by which a trier of fact could find that his BAC was .10% at the time that he was driving his vehicle. With respect to a conviction under subsection C, the evidence showed that Defendant waived this argument. Defendant's statement and the officer's testimony showed that when the officer proposed to test Defendant's BAC a second time, Defendant refused to take the test. A second BAT reading would have provided the sort of evidence necessary to

show a "rising" or "falling" of Defendant's BAC. Because Defendant refused to take a second BAT, the State lost the opportunity to obtain crucial evidence relating to subsection C.

In addition, the State was prepared to call a chemist to testify on the results of the BAT. Although there is nothing in the record to indicate the nature of the chemist's proposed testimony, defense counsel agreed that the chemist's testimony was not necessary so long as the calibration log was produced. Defense counsel stipulated to the calibration log. Also, when asked by the district court whether there were any other objections to the BAT, defense counsel stated that she had no other objections to the BAT. We fail to see how Defendant can now be heard to complain that the State did not present evidence of "rising" or "falling" of the BAT or "relation back" evidence. *See State v. Maples*, 82 N.M. 36, 39, 474 P.2d 718, 721 (Ct.App.1970) ("Nothing in the record suggests a lack of knowledge or understanding on defendant's part of his rights" at the time that he waived his rights).

## INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant argues that his trial counsel was ineffective for failing to challenge the accuracy of the BAT based on the fact that Defendant is a smoker. To prevail on such a claim, Defendant must show that his attorney's performance fell below that of a reasonably competent attorney and that he suffered prejudice as a result of such incompetence. *See State v. Hernandez*, 115 N.M. 6, 16, 846 P.2d 312, 322 (1993). Defendant, without any facts of record, asks this Court to make a presumption of prejudice to Defendant for failure to challenge the BAT on grounds that Defendant was a smoker. *See id.; Duncan v. Kerby*, 115 N.M. 344, 346, 851 P.2d 466, 468 (1993). We will not make such a presumption. Where the record on appeal is inadequate to address Defendant's claim properly, he may raise that issue in habeas corpus proceedings. *See Duncan*, 115 N.M. at 346, 851 P.2d at 468.

Based on the above discussion, we do not consider Defendant's arguments under subsection C. Because we hold that the evidence was sufficient to support a conviction under subsection A, we affirm Defendant's conviction.

## ON MOTION FOR REHEARING

■ After our original opinion was filed on December 22, 1993, Defendant filed a motion for rehearing arguing several points. We have withdrawn that opinion to address the arguments made in Defendant's motion. We do so below. Defendant characterizes our opinion as holding that Defendant waived a challenge to the sufficiency of the evidence supporting his conviction for DWI. That is not the import of the opinion. The opinion holds that Defendant waived the arguments he raises on appeal—that the State needed to provide either two BAT tests or a chemist's testimony to establish his BAC at the time that he was driving his vehicle. By refusing to take a second test, Defendant short-circuited any opportunity for the State to present such "relation-back" evidence. Since Defendant prevented the State from obtaining evidence that would rebut a "relation-back" argument, he waived that argument. *See State v. Garcia*, 98 N.M. 186, 189, 646 P.2d 1250, 1253 (Ct.App.) (a defendant may not take advantage of a situation he helped create), *cert. denied*, 98 N.M. 336, 648 P.2d 794 (1982).

Defendant argues that there is no evidence that a second BAT, if given, would have been helpful on the "relation-back" issue. We note that there is no evidence to show that such a test would not have been helpful. As stated above, Defendant precluded the entire line of inquiry into the effect of a second test on the theory of "relation-back" by refusing to take a second test. He cannot now complain about the lack of evidence or opportunity to present such evidence concerning the issue.

Defendant argues that his stipulation that the chemist's testimony was unnecessary and failure to object to admission of the BAT does not constitute a waiver of his "relation-back" argument. The opinion does not state that the stipulation alone waived that theory. However, under the circumstances of this case, the stipulation, in combination with other factors contributes to our holding. First,

Defendant refused to take a second test, denying the chemist evidence that might have been used to rebut the "relation-back" argument. Second, the stipulation that the chemist's testimony was unnecessary was made prior to any mention of a "relation-back" theory. Finally, the District Court ruled against Defendant on the "relation-back" argument before the State even had an opportunity to respond.

Defendant argues that his fundamental rights have been violated. It is clear that this argument is based on his misperception that our opinion stated that he waived his right to challenge the sufficiency of the evidence. As stated above, that is not the holding of our opinion.

 Defendant argues that he should have been informed of all of the consequences of his refusal to take a second test, and without such a warning, our holding is unfair. We disagree. We know of no requirement that a party must be informed of every possible consequence of an action before suffering the consequences of that action. Since a second test appears to be the only objective evidence relevant to the "relation-back" theory, it is not unfair to prevent Defendant from relying on that theory under the circumstance of this case.

Defendant argues that, in view of our holding, he was denied effective assistance of counsel. Counsel's reasons for stipulating that the chemist's testimony was unnecessary are not of record. There appear to be tactical reasons for that stipulation. The mere fact that the stipulation had unfortunate results does not mean that counsel was ineffective. *See State v. Gonzales,* 113 N.M. 221, 231, 824 P.2d 1023, 1033 (1992) ("[b]ad tactics and improvident strategy do not necessarily amount to ineffective assistance of counsel"). Since Defendant has not made a prima facie showing of ineffective assistance of counsel, we do not address this argument in this appeal. *See State v. Swavola,* 114 N.M. 472, 475, 840 P.2d 1238, 1241 (Ct.App.) (remand limited to cases in which prima facie case of ineffective assistance established), *cert. denied,* 114 N.M. 501, 841 P.2d 549 (1992).

Defendant argues that the oral comments of the District Court can be considered to show that his conviction was based on Subsection C, not Subsection A. Our reading of the transcript indicates that the District Court was not specific, even in its oral comments, about which subsection produced Defendant's conviction. The comments referred to by Defendant were made in response to Defendant's arguments about Subsection C. Nowhere did the District Court state that the conviction was limited to that subsection.

IT IS SO ORDERED.

APODACA and BLACK, JJ., concur.