This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                    **NO. 30,028**

**CHRISTOPHER FRANCO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Kenneth H. Martinez, District Judge**

Gary K. King, Attorney General
Margaret E. McLean, Assistant Attorney General
Joel Jacobsen, Assistant Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
J.K. Theodosia Johnson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**FRY, Chief Judge.**

Defendant appeals his convictions for voluntary manslaughter, shooting at a motor vehicle (great bodily harm), aggravated assault, and tampering with evidence.

We issued a calendar notice proposing to reverse the tampering conviction on sufficiency grounds, and to affirm on all other issues. Defendant has responded with a memorandum in opposition. The State has filed a memorandum, addressing his tampering with evidence conviction. We reverse Defendant's conviction for tampering with evidence, and affirm on the other issues raised on appeal.

**TAMPERING WITH EVIDENCE**

Defendant has argued that the district court erred in denying his motion for a directed verdict on the tampering with evidence charge. "The question presented by a directed verdict motion is whether there was substantial evidence to support the charge." *State v. Dominguez*, 115 N.M. 445, 455, 853 P.2d 147, 157 (Ct. App. 1993). A sufficiency of the evidence review involves a two-step process. Initially, the evidence is viewed in the light most favorable to the verdict. Then the appellate court must make a legal determination of "whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *State v. Apodaca*, 118 N.M. 762, 766, 887 P.2d 756, 760 (1994) (internal quotation marks and citation omitted).

Here, the jury was instructed that it was required to find beyond a reasonable doubt that: (1) Defendant hid or placed a white Lincoln car; (2) he "intended to

2

prevent the apprehension, prosecution or conviction of himself," and (3) "[t]his happened in New Mexico on or about the 9th day of July, 2007. [RP 169] *See* NMSA 1978, § 30-22-5(A) (2003) ("Tampering with evidence consists of destroying, changing, hiding, placing or fabricating any physical evidence with intent to prevent the apprehension, prosecution or conviction of any person or to throw suspicion of the commission of a crime upon another."). "[I]n order for [the d]efendant's conviction on tampering with evidence to be upheld, there must be sufficient evidence from which the jury can infer: (1) the specific intent of the [d]efendant to disrupt the police investigation; and (2) that [the d]efendant actively destroyed or hid physical evidence." *State v. Duran*, 2006-NMSC-035, ¶ 14, 140 N.M. 94, 140 P.3d 515 (internal quotation marks and citation omitted). Based on the description of the facts in the docketing statement, our calendar notice observed that the Lincoln was simply used to flee from the scene, and did not constitute evidence that was relevant to the shooting incident. Thus, while the State may have satisfied the first factor in *Duran*, we proposed to hold that the facts do not support the second factor.

The State's memorandum in opposition does not provide us with any additional facts that persuade us that our proposed disposition was incorrect. The State argues that the Lincoln was evidence that was *not* gathered by police because Defendant "deliberately hid the car." [State MIO 2, 4] The State does not direct our attention to

anything in the record suggesting that there was evidence that Defendant deliberately hid the car, and the docketing statement states that the evidence established that Defendant simply used the car to flee the scene. [DS 3] *See State v. Calanche*, 91 N.M. 390, 392, 574 P.2d 1018, 1020 (Ct. App. 1978) (explaining that factual recitations in the docketing statement are accepted as true unless the record on appeal shows otherwise.) As our Supreme Court has recently stated, "[t]ampering with evidence is uniquely offensive under the criminal code because when one acts intentionally to destroy, change, hide, place or fabricate physical evidence, that person seeks to deprive the criminal justice system of information." *State v. Jackson*, 2010-NMSC-032, ___ N.M. ___, ___ P.3d ___. There is simply no evidence that Defendant used the vehicle for any purpose other than to flee. In the absence of any indication that the vehicle constituted evidence of the crimes charged and that Defendant deliberately hid the vehicle, we conclude that the evidence was insufficient to support the tampering conviction.

**JURY INSTRUCTION**

Defendant continues to claim that he was entitled to a jury instruction on involuntary manslaughter. [MIO 6] "In order to obtain an instruction on a lesser included offense, there must be some view of the evidence pursuant to which the lesser offense is the highest degree of crime committed, and that view must be

4

reasonable." *State v. Brown*, 1998-NMSC-037, ¶ 12, 126 N.M. 338, 969 P.2d 313 (alteration in original) (internal quotation marks and citation omitted).

In this case, the jury was instructed on self-defense, which it rejected. [RP 162] Therefore, given the defense before the jury, the best alternative would have been for Defendant to rely on an imperfect self-defense theory. However, as Defendant concedes [MIO 7], the lowest degree of homicide that can result from a finding of imperfect self-defense is voluntary manslaughter. *See State v. Abeyta*, 120 N.M. 233, 241, 901 P.2d 164, 172 (1995), *abrogated on other grounds by State v. Campos*, 1996-NMSC-043, 122 N.M. 148, 921 P.2d 1266. In any event, Defendant did not submit an imperfect self-defense instruction. Looking at the evidence before the jury, we conclude that it did not provide grounds for a finding of involuntary manslaughter. *See* NMSA 1978, § 30-2-3(B) (1994) ("Involuntary manslaughter consists of manslaughter committed in the commission of an unlawful act not amounting to felony, or in the commission of a lawful act which might produce death in an unlawful manner or without due caution and circumspection.").

**DOUBLE JEOPARDY**

Defendant claims that double jeopardy requires merger of his convictions for shooting at a motor vehicle resulting in great bodily harm and voluntary manslaughter. [MIO 3] As Defendant concedes [MIO 5-6], there is Supreme Court authority that

holds that double jeopardy does not require merger of these crimes. *State v. Dominguez*, 2005-NMSC-001, ¶¶ 5-16, 137 N.M. 1, 106 P.3d 563. We are bound by this precedent. *See Alexander v. Delgado*, 84 N.M. 717, 718, 507 P.2d 778, 779 (1973) (holding that Supreme Court precedent controls).

**SENTENCING**

Defendant challenges his sentence, claiming that the district court thought he was guilty of a higher crime. [MIO 7] Defendant is not arguing that the sentence went beyond that authorized by statute. *See State v. Augustus*, 97 N.M. 100, 101, 637 P.2d 50, 51 (Ct. App. 1981) (holding that a jail sentence imposed upon a defendant which was in accordance with the law does not constitute an abuse of discretion). With respect to the court's comments [MIO 8], we believe that Defendant's claim is too speculative to serve as a basis for reversal. *Cf. State v. Scussel*, 117 N.M. 241, 243, 871 P.2d 5, 7 (Ct. App. 1994) (stating that remarks of trial court are generally not used as basis for reversal). In the absence of additional evidentiary support for Defendant's claim, we are not inclined to interpret the trial court's comments in a manner that undermines its validity. *See In re Ernesto M.*, 1996-NMSC-39, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice."). This is not, for example, a situation where the court has indicated that it was punishing Defendant for exercising a constitutional right. *See State v. Bonilla*, 2000-NMSC-037, ¶ 15, 130

N.M. 1, 15 P.3d 491 (concluding that court abused its discretion by punishing the defendant for exercising his right to a jury trial).

**CONCLUSION**

For the reasons stated above, we reverse Defendant's tampering conviction and affirm on the remaining issues.

**IT IS SO ORDERED.**

_____

**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

_____

**JONATHAN B. SUTIN, Judge**

_____

**RODERICK T. KENNEDY, Judge**