This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                          **NO. 31,580**

**ERIC T. JOHNSON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Denise Barela Shepherd, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Acting Chief Public Defender
Linda Yen, Assistant Public Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

Defendant appeals his conviction for driving while intoxicated, attacking the sufficiency of the evidence. In our notice, we proposed to affirm. Defendant has timely responded. We have considered his arguments and not being persuaded, we affirm.

In our notice, we pointed out that a defendant may be convicted of driving while intoxicated even if officers did not see him driving if it can be established that he was in actual physical control of the vehicle. *State v. Sims*, 2010-NMSC-027, ¶ 3, 148 N.M. 330, 236 P.3d 642. In *Sims*, the Supreme Court held that actual physical control is established from a totality of the circumstances showing that defendant actually exercised control over the vehicle and had a general intent to drive. *Id.* ¶¶ 4, 26.

We proposed to conclude that under the circumstances here, Defendant was in actual physical control of the vehicle. In so doing, we relied on the evidence that Defendant was in the driver's seat of the parked vehicle when the police pulled up behind him. The ignition and lights were on. Defendant turned the vehicle off, exited the vehicle, and put the keys in his pocket. We also noted that there was evidence that the vehicle had been recently moved from a different location to where it was then parked.

In his response, Defendant argues that the trial court specifically found that Defendant was not the person who was reportedly in the vehicle that was parked sometime earlier near the REI [MIO 12] and that we must give deference to that finding. We agree that we must give deference to factual findings made by the trial court. However, simply because the trial court found that Defendant was not the person who was reportedly in the vehicle earlier does not mean that the vehicle had not been moved from near the REI. There was evidence that the vehicle had moved. Defendant argues that the "evidence" was unsubstantiated hearsay from an anonymous caller. We disagree.

When officers were originally dispatched to the location by the REI, they found no vehicle there. A vehicle matching the description was located shortly thereafter parked in a motel parking lot nearby. Thus, the vehicle had clearly moved from the REI location to the motel parking lot. The fact that the vehicle had moved was not based on unsubstantiated hearsay testimony from the anonymous caller. The officers substantiated the information by finding the vehicle where the caller stated it was—it had moved from where it was parked by the REI to the motel parking lot.

Defendant was sitting in the vehicle's driver's seat after it had been moved and was found in the parking lot. The ignition was still on as were the headlights. Defendant was in possession of the keys. Thus, it is reasonable to infer that Defendant

3

had the general intent to drive the vehicle. Further, there was testimony that Defendant admitted to having a drink before driving. [RP 101] Thus, Defendant admitted to having driven. We continue to conclude that based on all the circumstances here, there was sufficient evidence to find that Defendant was in actual physical control of the vehicle.

Defendant argues that these facts could also reasonably support no general intent to drive. He argues that he could have been out in the vehicle looking for something. He also argues that because the vehicle was parked at the motel where he was staying, he had no present intent to move it. While he may not have had a present intent to move the vehicle as he parked near his motel, the reasonable inference is that he had moved it to that location and parked it there.

Defendant continues to argue that the evidence was insufficient to establish that he was impaired. He points out that the two officers testified differently about the odor of alcohol emanating from him. While the level of the odor was different, both noticed an odor of alcohol. Bloodshot, watery eyes can, of course, be caused by something other than alcohol. But, there was evidence relating to Defendant's performance of field sobriety tests as well. That testimony from the officer who observed the tests indicated that Defendant did not follow directions and did not successfully perform all the tests. Defendant argues that the tests administered do not

4

reflect on a person's ability to drive and are not a measure of impairment. He argues that they are also not indicative of impairment where no baseline measurement has been made upon which to compare his performance.

We have considered these arguments and are unpersuaded that they affect sufficiency of the evidence of impairment. First, it does not appear that Defendant objected to the testimony regarding performance on the field sobriety tests. Moreover, evidence regarding a defendant's reasons for inadequate performance go only to probative value not to admission of testimony regarding performance. *See State v. Scussel*, 117 N.M. 241, 243, 871 P.2d 5, 7 (Ct. App. 1994) ("Defendant's argument that he failed the field sobriety tests due to impairment from back problems goes to the weight and effect placed on that evidence by the district court judge.")

Second, New Mexico courts have accepted performance on standard field sobriety tests as evidence of impairment sufficient to support a charge of driving while intoxicated. *See State v. Nevarez*, 2010-NMCA-049, ¶¶ 34-36, 148 N.M. 820, 242 P.3d 387, *cert. granted*, 2010-NMCERT-006, 148 N.M. 584, 241 P.3d 182; *State v. Neal*, 2008-NMCA-008, ¶ 29, 143 N.M. 341, 176 P.3d 330; *State v. Soto*, 2007-NMCA-077, ¶ 34, 142 N.M. 32, 162 P.3d 187.

For the reasons stated herein and in the notice of proposed disposition, we affirm.

**IT IS SO ORDERED**.

_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Chief Judge**

_____
**RODERICK T. KENNEDY, Judge**

6