Kenneth A. FRIESING, Plaintiff,

v.

Millard R. VANDERGRIFT and Snowbird Resources, Ltd., Defendants.

Civ. A. No. H–87–2982.

United States District Court, S.D. Texas, Houston Division.

July 14, 1989.

---

Kyle Cook, Houston, Tex., for plaintiff.

Keith Werner, Houston, Tex., for defendants.

## ORDER

CALVIN BOTLEY, United States Magistrate.

Pending before the Court is Defendants' Motion for Sanctions. After considering the motion and the applicable law, the Court is of the opinion that the motion should be DENIED.

Plaintiff filed suit on September 23, 1987, seeking damages for fraud, breach of contract and conversion, and requesting an accounting. On November 3, 1988, Defendants filed a Motion for Summary Judgment alleging that the matter complained of by Plaintiff in the original complaint had not occurred, and for that reason, there existed no genuine issue of material fact. Further, Defendants contended that this action was filed with malice and with no basis in fact. Plaintiff responded by filing a response in opposition to the Motion for Summary Judgment and a Motion for Leave to Amend the Complaint. In Plaintiff's response, he contended that the facts as to the land involved were misstated in the original complaint and a genuine issue of fact, with regard to the terms of the brokerage contract between the parties for the sale of the referenced leases in Walla Walla and Columbia Counties, Washington, existed. Plaintiff's Motion for Leave to Amend sought to clarify the misstatements in the original complaint. On November 23, 1988, the Court denied Plaintiff's Motion for Leave to untimely join a new cause of action against the Defendants. On January 11, 1989, the Court entered a Memorandum and Order granting Defendants' Motion for Summary Judgment holding that there existed no genuine issues of material fact to be resolved on Plaintiff's claim for breach of the brokerage agreement, therefore Defendants were entitled to judgment as a matter of law.

Defendants subsequently filed a Motion for Sanctions pursuant to Rule 11 against Plaintiff for filing a meritless claim. Defendants contend that as a result of Plaintiff's claim, they had to expend unnecessary and undue time, effort, costs and expenses in defending this lawsuit. Plaintiff contends that sanctions are inappropriate because based on the letters and conversations with Defendants, Plaintiff believed that he had a valid contract for the commission on the sale of the leaseholds that were actually sold to Shell Oil Company by Defendants.

Federal Rule of Civil Procedure Rule 11 provides in pertinent part:

every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name ...

The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the Court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

Rule 11 is a tool to deter unfounded claims in an effort to prevent abuse of the judicial system. The advisory committee noted,

"greater attention by the district courts to pleading and motion abuses and the imposition of sanctions when appropriate should discourage dilatory or abusive

tactics and help streamline the litigation process by lessening frivolous claims or defenses."

The Standard for determining a Rule 11 sanction is whether the movant's belief was formed after a reasonable inquiry and that the motion was "well grounded in fact" and "warranted by existing law or a good faith argument before the extension or modification or reversal of existing law." *In re Ginther*, 791 F.2d 1151, 1155 (5th Cir.1986). The rule is not subjective, it requires the attorney to affirmatively act to insure that the cause of action is well grounded. Moreover, it obligates an attorney to review, to examine, and to re-evaluate his position. *Woodfork By and Through Houston v. Gavin*, 105 F.R.D. 100, 104 (N.D.Miss.1985).

█ The rule applies only to an attorney who signs a pleading, motion, or other paper or the party that the signing attorney represents or both. Fed.R.Civ.P. 11, Advisory Committee's Note on 1983 Amendment. The notes of the Advisory Committee on Rules regarding the 1983 Amendment to Rule 11 stress, as to attorneys affected by the rule, that it is the attorney whose signature appears on a pleading, motion, or other paper who runs the risk of violating the rule. Moreover, sanctions should be entered against an attorney rather than a party only when a motion or a position "is unsupported by existing law, rather than unsupported by facts." *Blake v. National Casualty Co.*, 607 F.Supp. 189, 193 (C.D. Cal.1984) (Rule 11). *Accord Thompson v. Aland*, 639 F.Supp. 724, 732 (N.D.Tex.1986) (Rule 11).

█ In the instant action sanctions are inappropriate. Defendant seeks sanctions against the Plaintiff Kenneth A. Friesing. The Advisory Committee notes that it may be appropriate under the circumstances of a case to impose a sanction on the client. In that instance, the party must be personally aware of or otherwise responsible for the bad faith procedural action. *See, Browning Debenture Holder's Committee v. DASA Corp.*, 560 F.2d 1078 (2d Cir. 1977). This is not the case in this action. Plaintiff actually believed that he had a valid contract for a commission. This is not the type of case contemplated by the statute and sanctions here are unwarranted. Accordingly, it is

ORDERED, that Defendants' Motion for Sanctions is hereby DENIED.

The Clerk will enter this Order and provide all parties with a true copy.