This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37696**

**In the Matter of the ESTATE OF
SUZANNE LEBEAU, Deceased.**

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY
Francis J. Mathew, District Judge**

Lorenz Law
Alice T. Lorenz
Albuquerque, NM

Robert Richards
Santa Fe, NM

for Appellant Daniel J. LeBeau

Hinkle Shanor LLC
Nancy S. Cusack
Santa Fe, NM

for Appellee Personal Representative Kathleen A. LeBeau

Hurley Toevs Styles Hamblin & Panter PA
Gregory W. MacKenzie
Albuquerque, NM

for Intervenor Kathleen LeBeau

### MEMORANDUM OPINION

**IVES, Judge.**

**{1}** In this appeal, Daniel LeBeau (Appellant) contends that the district court erred in (1) striking his objections to a special master's report under Rule 1-011(A) NMRA; (2) awarding personal representative and attorney fees; (3) denying his motion to remove Kathleen LeBeau (Appellee) as personal representative of the estate of Suzanne LeBeau (Decedent); (4) concluding that Appellee did not forfeit her interest in the estate

under the will's no-contest clause; and (5) declining to compel a partial distribution of estate assets. We affirm.

## DISCUSSION[1]

### I. Appellant Has Not Adequately Developed His Argument that the District Court Erred in Striking His Objections to the Special Master's Report

**{2}** We first address Appellant's argument that the district court erred in striking his objections to the special master's report as a sanction under Rule 1-011(A). While we would ordinarily review this issue for an abuse of discretion, *see Rivera v. Brazos Lodge Corp.*, 1991-NMSC-030, ¶ 16, 111 N.M. 670, 808 P.2d 955, we conclude that Appellant's argument is insufficiently developed to warrant review at all.

**{3}** The crux of Appellant's argument is that, because there were good grounds for some of the contentions in the objections, the district court abused its discretion in striking the objections in their entirety. In support of this argument, Appellant asserts that, aside from the statements and implicit assertions in the objections that the district court found to be scandalous or indecent—which Appellant concedes were "problematic"—Appellant's objections were subjectively[2] supported by "good grounds." Proceeding from that premise, Appellant contends that, given New Mexico's "strong preference" for deciding matters on their merits, *Lowery v. Atterbury*, 1992-NMSC-001, ¶ 20, 113 N.M. 71, 823 P.2d 313, "striking [a paper] is warranted" only where "[an] attorney intentionally file[s] a paper for which there was no factual or legal basis [or for the purpose of] delay[ing] the proceedings."[3]

---

1Because the parties are familiar with the factual background, this memorandum opinion does not include a background section. We describe the pertinent facts in the discussion section.

2Appellant asserts that his attorney's "arguments demonstrate that . . . he believed that there was a basis for [the o]bjections." But this bare assertion does not meet Appellant's burden of "affirmatively demonstrat[ing] . . . error," *Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063, and does not dissuade us from presuming that the district court implicitly found that Appellant's counsel knowingly advanced baseless assertions through his objections, as *Rivera* required the court to do. *See* 1991-NMSC-030, ¶ 18; *Reeves v. Wimberly*, 1988-NMCA-038, ¶ 21, 107 N.M. 231, 755 P.2d 75 ("Upon a doubtful or deficient record, every presumption is indulged in favor of the correctness and regularity of the trial court's decision, and the appellate court will indulge in reasonable presumptions in support of the order entered.").

3Appellant also argues that the district court improperly "penaliz[ed]" him, individually, instead of "punish[ing] the attorney who lost his temper and used intemperate and inappropriate language." In *Rivera*, our Supreme Court stated that "[s]anctions should be entered against an attorney rather than a party only when a pleading or other paper is unsupported by existing law rather than unsupported by facts." 1991-NMSC-030, ¶ 18. In support of that statement, the Court cited *Friesing v. Vandergrift*, 126 F.R.D. 527, 529 (S.D. Tex. 1989), for the proposition that a "client must have been personally aware or otherwise responsible for [a] bad-faith procedural action to impose Rule 11 sanctions on [the] client-party." *Rivera*, 1991-NMSC-030, ¶ 18.

*Rivera* did not address the circumstances under which a court may strike a paper. Rule 1-011(A) provides that a court may strike a paper "signed with intent to defeat the purpose of th[e R]ule" without specifying that a party—rather than the signer—must have had that intent. The Rule further provides that "an attorney or party may be subjected to appropriate disciplinary or other action" for "willful[ly]" violating the

**{4}**     Appellant's argument is sparse and, even more problematically, circular. The issue raised by this appeal is whether and, if so, when a district court may strike a filing upon finding that portions of the filing are scandalous or indecent, and thus unsupported by good grounds, and Appellant's assertion that a paper may be stricken only where that paper as a whole is without "factual or legal basis" is merely Appellant's desired answer to the question presented. But that question is a difficult one, and the Rule's opaque text does not admit of an easy answer. *See generally* D. Michael Risinger, *Honesty in Pleading and its Enforcement: Some "Striking" Problems with Federal Rule of Civil Procedure 11*, 61 Minn. L. Rev. 1 (1976) (discussing the difficulties presented by the text of Federal Rule of Civil Procedure 11 prior to the 1983 amendment); *Cherryhomes v. Vogel*, 1990-NMCA-128, ¶ 7, 111 N.M. 229, 804 P.2d 420 (noting "the difficulties encountered by federal courts in interpreting Federal Rule 11 prior to the 1983 amendment" in order to enable the "reexamin[ation of] our own Rule 11"); *Boone v. Superior Ct.*, 700 P.2d 1335, 1339 (Ariz. 1985) ("[T]he provisions in Rule 11 for striking pleadings as 'sham and false' if they were signed 'with intent to defeat the purpose of this rule' will be appropriate only in those cases where the party or counsel intended some end or use not recognized as legitimate in our system of justice.").

**{5}**     The general principles Appellant invokes to support his argument provide us no basis for reaching his requested holding. It is true that our courts have a preference for considering issues on their merits and that district courts must therefore exercise restraint in imposing sanctions that preclude such consideration. *See Lowery*, 1992-NMSC-001, ¶ 20. Those principles suggest that a court's authority to strike filings is narrow, but they do not specifically delineate the scope of that authority, and Appellant adds nothing that would assist us in determining whether the court exceeded its authority here. We would certainly have borne our courts' emphasis on merits-based adjudication in mind if Appellant had developed an argument based on the text, structure, purpose, or history of Rule 1-011 or on pertinent New Mexico or persuasive authority. As the case stands however, we would have to develop such an argument ourselves. Given the "substantial risk of error" and the "strain on judicial resources" that would inhere in that approach, we give no further consideration to Appellant's argument that the district court erred in striking his objections to the special master's report. *See Elane Photography, LLC*, 2013-NMSC-040, ¶ 70.

## II.     Appellant Has Not Adequately Developed His Challenge to the Amount of Personal Representative and Attorney Fees Awarded

**{6}**     Next, Appellant contends that the district court erred in approving Appellee's compensation for the services she performed as personal representative and awarding

Rule and that a court may take "[s]imilar action" "if scandalous or indecent matter is inserted." Rule 1-011(A).

Appellant does not cite *Rivera* in arguing that the district court erred, much less address whether *Rivera*'s distinction between the culpable conduct of a party and that of an attorney holds true in the context of a motion to strike. We therefore decline to address the issue. *See Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53. For similar reasons, we also decline to address whether the "[s]imilar action" that a court may take when a paper contains "scandalous or indecent matter" includes the sanction of striking that paper. Rule 1-011(A).

attorney fees. Both parties appear to agree that these issues are reviewed for an abuse of discretion. But we need not decide whether the district court abused its discretion because Appellant's attacks on the court's fee awards are inadequately developed to warrant review. For one thing, Appellant's briefing is internally inconsistent with respect to the scope of his challenge. In some places, he objects broadly to "all attorney fees" or "all fees." In others he objects more narrowly, but even these narrower formulations vary in scope: the "majority of" Appellee's fees; "a substantial portion of her attorneys' charges"; "all fees incurred after the [p]etition for [r]emoval was filed in 2016"; and "any and all fees . . . paid either to the [Appellee] or her counsel that were a part of, incurred in the course of, or incurred because of" "any . . . actions" that this Court determines "amounted to breaches of [Appellee's] duties to the Estate."[4] Compounding the problem, Appellant provides no argument. His claims of error amount to nothing more than conclusory assertions that fees relating to various generally described actions taken by Appellee and her attorneys during the course of this litigation must be disallowed and vague contentions that the fees Appellee charged were excessive. Appellant nowhere contends that Appellee and her attorneys did not provide the services for which fees were charged. To determine whether Appellant's arguments have merit, we would need to dive into the record ourselves to ascertain which fees correlate to the conduct complained of, come up with arguments for and against the reasonableness of the fees charged and whether Appellee's litigation expenses were incurred in good faith, and decide what would have been appropriate compensation. Developing arguments supported by legal authority and citations to the record on each issue is Appellant's counsel's job, not ours. *See Elane Photography, LLC*, 2013-NMSC-040, ¶ 70; *Muse*, 2009-NMCA-003, ¶ 42. We therefore decline to decide whether the district court abused its discretion in awarding personal representative and attorney fees.

### III.     The District Court Did Not Abuse Its Discretion by Refusing to Remove Appellee as Personal Representative

**{7}**     Appellant contends that the district court erred in refusing to remove Appellee as personal representative of the estate, an issue we review for abuse of discretion. *In re Estate of Boyer*, 1994-NMCA-005, ¶ 30, 117 N.M. 74, 868 P.2d 1299. An abuse of discretion "will not be presumed; it must be affirmatively established." *State v. Bonilla*, 2000-NMSC-037, ¶ 6, 130 N.M. 1, 15 P.3d 491 (internal quotation marks and citation omitted). Appellant's arguments do not persuade us that the district court's decision not to remove Appellee from her position as personal representative was "contrary to logic and reason." *State v. Lewis*, 2019-NMSC-001, ¶ 10, 433 P.3d 276 (internal quotation marks and citation omitted).

---

[4]Appellant also asserts that because the district court struck his objections to the special master's report, Appellee ended up being awarded fees for time related to her motion under Article 8 of Decedent's will, which the district court had previously disallowed. But that assertion is not accompanied by any citations to the record showing that this actually happened. We therefore decline to review the issue. *See Muse v. Muse*, 2009-NMCA-003, ¶ 42, 145 N.M. 451, 200 P.3d 104 ("We are not obligated to search the record on a party's behalf to locate support for . . . representations of counsel as to what occurred in the proceedings.").

**{8}**     Even assuming that Appellant is correct in arguing that the alleged improprieties constituted violations of Appellee's duties as personal representative, we see no basis for ordering removal given the record and the arguments before us. Appellant nowhere persuasively argues that Appellee intentionally breached her duties. *Cf. In re Hamilton*, 1981-NMSC-120, ¶ 21, 97 N.M. 111, 637 P.2d 542 (assuming "that the trial court determined that [an executor's] conduct was not an intentional breach of his duty, but rather a result of poor advice" and therefore concluding that "removal was not required"). Moreover, because the district court found that all estate assets were accounted for and all fees awarded were reasonable, we do not see what the district court would have accomplished by removing Appellee from her position as personal representative. We have declined to review Appellant's challenges to the district court's fee awards, and Appellant has given us no basis for concluding that the district court erred in approving Appellee's final accounting.[5] Under these circumstances, we have no reason to think that the alleged breaches of duty resulted in harm to the estate. And, since the district court granted Appellee's petition for complete settlement—which ordered distribution of the estate's assets and set forth limited tasks that Appellee could still perform—in virtually the same breath in which it denied Appellant's motion to remove, any risk to the estate going forward was minimal.[6] We conclude that the district court did not abuse its discretion in denying Appellant's motion to remove Appellee as the personal representative.

## IV.     Appellee Did Not Forfeit Her Interest Under the Will by Filing and Litigating Her Article 8 Motion

**{9}**     Appellant also argues that the district court erred in ruling that Appellee did not forfeit her beneficial interest in the estate under Article 9 of the will, a no-contest clause, when she filed a motion in which she asked the court to rule that Article 8 of the will permitted her to elect to receive the proceeds from the sale of Decedent's house. Reviewing this issue de novo, *Redman-Tafoya v. Armijo*, 2006-NMCA-011, ¶ 48, 138 N.M. 836, 126 P.3d 1200, we affirm.

**{10}**    In *Redman-Tafoya*, this Court held that "[b]road" no-contest provisions like the one at issue here will be construed to apply in only a limited arena:

> Broad contest or attack proscriptions . . . should be read as penalizing only beneficiaries who, in the absence of good faith and probable cause, seek through a legal proceeding to invalidate a will or to invalidate a provision of a will on grounds such as lack of testamentary capacity, fraud, undue influence, improper execution, forgery, or subsequent revocation by

---

5Insofar as Appellant does make arguments directed at showing that the accounting was deficient, he fails to support those arguments with citations to the record, and we decline to search the record to determine whether Appellant's arguments have merit. *See* Rule 12-318(A)(4) NMRA.

6Nothing in our opinion precludes Appellant from objecting to the reappointment of Appellee as personal representative in the event that other property belonging to the estate is discovered at a later date. *See generally* NMSA 1978, § 45-3-1008 (1975).

later document, or on grounds that effectively nullify a material provision in the will.

*Id.* ¶ 58. Here, Appellee's Article 8 motion was not an attempt to have the court "invalidate [the] will" or any provision of it. *Id.* Instead, it was a request for will construction. Appellee's motion required the court to determine whether the will permitted Appellee to make her election more than thirty days after Decedent's death and elect to receive the sales proceeds for the residence rather than the residence itself. That the answer was "no" does not change the character of the proceeding. Because Appellee's Article 8 motion was a petition for will construction, it fell outside the scope of the will's no-contest clause.

**{11}**    Our conclusion is buttressed by the plain language of the will itself. This Court explained in *Redman-Tafoya* that testators have a simple solution at hand if they wish to avoid the limited construction our courts give to sweeping no-contest clauses: providing "a different, clear, and specifically expressed intent in the will." *Id.* ¶ 59. "Different, limited proscriptions in a no-contest clause specifically describing conduct intended by the testator to trigger disinheritance can be enforced." *Id.* Yet, even assuming for the sake of argument the enforceability of a no-contest clause drafted to penalize specific actions for will construction, or actions for will construction generally, the will at issue here contained no such provision. On the contrary, Decedent's will expressly put "proceeding[s] solely for the construction of [the w]ill" beyond the reach of the will's prohibition on will contests. Accordingly, we hold that the district court was correct in concluding that Appellee did not forfeit her devise by filing and litigating her Article 8 motion.[7]

## V.    The District Court Did Not Abuse Its Discretion by Refusing to Compel a Partial Distribution

**{12}**    Finally, Appellant contends that the district court erred in refusing to compel Appellee to issue him a check for $90,000 as a partial distribution of the estate assets. We agree with both parties that an abuse of discretion standard governs our review of this issue. On the record before us and the argument presented, we cannot conclude that the district court abused its discretion.

**{13}**    As Appellee points out, the state of affairs when the district court issued its ruling suggested that the estate would incur "additional cost[s] and expense[s]" in the days ahead. At the time of the hearing, Appellant was seeking further information regarding the estate's administration, and Appellant's refusal to agree to the release requested by the personal representative suggested that future litigation regarding her administration was at least possible. If Appellant had decided to take legal action against Appellee with

---

7Appellant's argument is confined to discussing the concept of "probable cause" in the will contest context. But Appellee's Article 8 motion was not a will contest in the first place, so that concept is irrelevant here, as is the unpublished federal decision on which Appellant places primary reliance, *Klecan v. Santillanes*, 643 F. App'x 743 (10th Cir. 2016). *See id.* at 749 (noting that the appellant "admittedly did attack the validity of a provision of the [t]rust" at issue).

a view toward demonstrating that Appellee's administration of the estate had been deficient (as he did), then Appellee would have been entitled to have the estate pay her attorney fees for any defense advanced in good faith, *see* NMSA 1978, § 45-3-720 (1995); *In re Estate of Frietze*, 1998-NMCA-145, ¶ 17, 126 N.M. 16, 966 P.2d 183, and possibly to be paid by the estate for any services she provided in her capacity as personal representative in the course of defending against that action. *See* NMSA 1978, § 45-3-719 (1995). The district court could not have known the precise amount of these expenses in advance. And, given the size of the estate and the fact that Appellant and Appellee were equal beneficiaries, there was no guarantee that sufficient funds to pay them would remain in the estate if Appellee distributed $90,000 to Appellant right away. While it may be unfortunate that Appellant's share of the estate, when all was said and done, amounted to less than $90,000, that consequence suggests, if anything, that the court's ruling was eminently reasonable. Given the storm clouds of potential litigation looming on the horizon when Appellant's motion was decided, we affirm the district court's refusal to compel partial distribution.[8]

**CONCLUSION**

**{14}** We affirm.

**{15} IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**BRIANA H. ZAMORA, Judge**

---

[8]Although Appellant does not discuss the likelihood of future litigation in his brief in chief, he does argue in his reply that "much of the ensuing dispute could have been avoided" if the court had ordered partial distribution. But that makes no sense. The "ensuing dispute," the trail of which spans the next four volumes of the six-volume record in this case, had nothing to do with the district court's decision to hold off on ordering distribution of the estate assets.