167 N.J. Super. 455 (1979)
400 A.2d 1241
STATE OF NEW JERSEY, PLAINTIFF,
v.
NANNIE BUCKRHAM, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided March 27, 1979.
*457 Ms. Beth Jaffe, Assistant Deputy Prosecutor for plaintiff.
Mr. E. Carl Broege, Assistant Deputy Public Defender for defendant.
LANDAU, J.S.C.
Defendant Nannie Buckrham moves for dismissal of a superseding indictment against her on the ground that the indictment appears on its face to have been obtained in retaliation for defendant's exercise of her rights to a jury trial and to seek appeal.
The essential facts underlying this motion are undisputed. On May 24, 1977 defendant pleaded not guilty to Indictment No. 2913-76 which charged her with welfare fraud, in violation of N.J.S.A. 2A:111-3. Specifically, the indictment alleged that defendant unlawfully received financial assistance from the Essex County Welfare Board by failing to disclose the receipt of unemployment insurance benefits. *458 Subsequently, she applied for admission into the pretrial intervention (P.T.I.) program, pursuant to R. 3:28. Her application was denied. On August 12, 1977 defendant's appeal to the Law Division of her P.T.I. rejection was denied. Defendant then joined with forty-six other welfare fraud defendants, whose P.T.I. applications had been rejected under similar circumstances, in seeking leave for an interlocutory appeal. The consolidated motion was denied; first by the Appellate Division on October 13, 1977, and then by the Supreme Court on January 31, 1978.
Following those denials, defendant's case was placed among those ready for trial. There were no plea discussions. Defendant gave notice of her demand for a jury trial According to an affidavit submitted in opposition to this motion, the assistant prosecutor then first reviewed the file and "realized that although the file contained evidence of two distinct frauds by the defendant, the indictment charged but a single count of welfare fraud."
On March 8, 1978, the day on which trial was scheduled, the assistant prosecutor in charge of the case requested an adjournment on the basis that there was a superseding indictment being considered by the grand jury which would charge defendant with an additional count of welfare fraud through failure to report earnings from employment. Defendant's attorney objected to the adjournment for time to secure a superseding indictment, noting that at the time of the securing of the original indictment, the prosecutor's office was already in possession of a statement from defendant which would have afforded basis for an indictment for the concealment of employment income charge. The adjournment was allowed and a superseding two-count indictment, No. 2605-77, was presented on March 21, 1978.
Defendant raises the due process issue of prosecutorial retaliation tending to chill exercise of her procedural rights. The seminal decisions in this area are North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), and Blackledge v. Perry, 417 U.S. 21, 94 S.Ct. *459 2098, 40 L.Ed.2d 628 (1974). In Pearce the court held that due process of law "requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial," and that a defendant must "be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge." Id., 395 U.S. at 725, 89 S.Ct. at 2080, 23 L.Ed.2d at 669. In Blackledge the court extended the Pearce rule to protect against the fear of prosecutorial vindictiveness. The court ruled that it was impermissible for a prosecutor to increase the severity of charges against a defendant who had exercised his right to appeal, absent reasons for the increased charges sufficient to eliminate the appearance of vindictiveness. Id., 417 U.S. at 27-29, 94 S.Ct. at 2102-2103, 40 L.Ed. 2d at 634-635.
Pearce, Blackledge and their progeny have established a prophylactic rule insuring that accused or convicted persons will be free from the apprehension of prosecutorial retaliation for the exercise of their constitutional and statutory rights. United States v. Lippi, 435 F. Supp. 808, 812 (D.N.J. 1977). Where facts suggest an appearance of vindictiveness, the State must satisfy the heavy burden of proving that any increase in the severity of charges was not due to such a motive. United States v. Ruesga-Martinez, 534 F.2d 1367, 1369 (9 Cir.1976). Thus, in the instant case defendant need not prove that actual retaliatory motivation existed, but only that the circumstances support a realistic apprehension of such retaliation. Blackledge, supra, 417 U.S. at 28, 94 S.Ct. at 2102, 40 L.Ed.2d at 624; Pearce, supra 395 U.S. at 725, 89 S.Ct. at 2080, 23 L.Ed.2d at 669. Here, no new evidence was discovered subsequent to the original indictment. In such cases courts have held the amplified charges inherently suspect. See, e.g., United States v. Ruesga-Martinez, supra at 1369-1370; United States v. Jamison, 164 U.S. App. D.C. 300, 310, 505 F.2d 407, 417 (1974).
*460 The State has not met its burden of justification to overcome the suspect motive suggested by the amplified indictment which followed defendant's resort to P.T.I. and appeal procedures, particularly inasmuch as no new information was discovered by the prosecutor.
The assistant prosecutor in this matter deferred active consideration of the file while the P.T.I. application and appeal were pending. The State argues that its course of action might have helped defendant inasmuch as a two-count indictment might have reflected more negatively on her application. I do not find this argument persuasive.
It has been observed that the principles of Pearce and Blackledge were designed not only to protect defendants from retaliation for the exercise of rights, but particularly to prevent the chilling of the exercise of such rights by other defendants who may be faced with similar choices in the future. Lippi, supra at 816. Here, the State has offered no reason for re-indicting defendant which would remove the inherent taint arising from the timing of the superseding indictment. That indictment was not based upon the subsequent receipt of new evidence of which the assistant prosecutor was "excusably unaware at the time of the first indictment." United States v. Jamison, supra, 164 U.S. App. D.C. at 310, 505 F.2d at 417. At best we are called upon to assume that it was the result of inadvertence in the prosecutor's office. Where a defendant has previously exercised her rights to appeal and to demand jury trial, I do not believe that such reason, standing alone, is sufficient to remove the appearance of vindictiveness or retaliatory motive nor to eliminate the chilling effect on the future exercise by other defendants of their statutory and constitutional rights.
The State argues applicability of the recent decision Bordenkircher v. Hayes, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978). Its facts, which arise out of prosecutorial threat during active plea bargaining, are not here involved or analogous.
*461 Defendant seeks dismissal of the entire superseding indictment. This is unwarranted. The second count of the superseding indictment, pertaining to nondisclosure of unemployment insurance benefits, is identical to the single count in the original indictment and presents no constitutional issue of prosecutorial retaliation.
The motion for dismissal is granted as to the first count of Indictment No. 2605-77, and denied as to the second count.