173 N.J. Super. 87 (1980)
413 A.2d 617
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
NANNIE BUCKRHAM, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 7, 1980.
Remanded  Resubmitted following remand March 17, 1980.
Decided April 8, 1980.
*88 Before Judges BISCHOFF, BOTTER and DWYER.
Robert A Hoonhout, Assistant Prosecutor, argued the cause for appellant (John J. Degnan, Attorney General of New Jersey, attorney; Donald S. Coburn, Essex County Prosecutor, of counsel; William A. Fox, Assistant Prosecutor, on the brief).
E. Carl Broege, Assistant Deputy Public Defender, argued the cause for respondent.
PER CURIAM.
In an opinion reported at 167 N.J. Super. 455 (Law Div. 1979), the trial judge ruled that the State had not carried its burden of proving justification for its action in obtaining a superseding indictment against defendant Nannie Buckrham. The superseding indictment charged defendant with two counts of welfare fraud instead of the single count contained in the original indictment.
Defendant argued that the superseding indictment was grounded in retaliatory motives because she (1) insisted upon going to trial and (2) participated in appellate proceedings along with 46 other welfare fraud defendants who had been denied acceptance into PTI. The trial judge accepted defendant's arguments and dismissed the added count of the superseding indictment.
On appeal to this court the State contended that no vindictiveness or prosecutorial retaliation could be inferred because (a) at the time defendant announced she was ready to proceed to trial *89 on the original indictment, the matter was then pending before the grand jury for reconsideration, and (b) as a result of the attempts of the 46 welfare fraud defendants to obtain appellate review, the prosecutor's office substantially modified its policy, reviewed the 46 cases and granted PTI to many of them.
The record presented to us was inadequate to resolve the issues thus presented and we remanded the case "to the trial court for a further hearing in order to permit the State to present additional evidence on lack of a retaliatory motive in obtaining the superseding indictment."
The hearing on the remand has been held and the trial judge has made his findings which have been transmitted to us along with the record. Counsel have been afforded an opportunity to be heard on this supplemented record. The trial judge considered the additional testimony and exhibits and found that the superseding indictment was "explained as a necessary and appropriate correction of an incorrect indictment, rather than as the incorporation of previously ignored material into a wholly new count." Evidence supporting both aspects of welfare fraud charged in the superseding indictment had been presented to the original grand jury but, apparently through inadvertence, only one aspect was included in the indictment as originally drawn.
On the remand the trial judge found that:
The factual picture initially presented to this Court by the prosecutor on defendant's motion understated the facts in disclosing that the prosecutor reviewed the file subsequent to the Buckrham appeal efforts and request for trial, and discovered evidence which would support an additional count.
The supplemental hearing has demonstrated that addition of the second count, while initially suspect, is readily explained by the necessity to correct the obvious variation between the proofs presented to the Grand Jury and the form of the incorrect first indictment. The presumption of vindictiveness has been overcome.
So viewed, it is unnecessary for me to consider the effect of the fact that approximately 40% of the defendants who sought appeal together with Buckrham *90 ultimately received favorable P.T.I. consideration. This was disclosed by supplemental submission responsive to the Appellate Division request.
Considering Buckrham's role and the role of her counsel as the apparent, if not actual leader of the mass appeal efforts, I would have reservations about the adequacy of that statistic, standing alone, to rebut the presumption.
In response to the request for more information on the date of defendant's jury trial demand, I find that Assistant Prosecutor Maurer was informed of defendants definite intention to go to trial prior to March 8, 1978, and prior to his initiation of steps to secure an amended or superseding indictment. Defendant did not wish to negotiate a plea because of a desire to preserve appeal rights respecting the P.T.I. issue. Even should a presumption of vindictiveness be deemed to arise out of these facts, the expanded proofs, I find, have overcome the presumption, as discussed above.
........
Defendant has presented no proofs which rebut the prosecutor's exhibits and testimony as supplemented, or which otherwise sustain defendant's burden in the absence of a bolstering presumption.
The conclusion of the trial judge that the presumption of vindictiveness or prosecutorial retaliation has been overcome is amply supported by the expanded record.
The order dismissing the first count of Indictment 2605-77 is vacated and the matter is remanded to the Law Division for further proceedings.