This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                    NO. 33,485

**LUIS ABEYTA,**

Defendant-Appellant,

**APPEAL FROM THE DISTRICT COURT OF GRANT COUNTY**
**J.C. Robinson, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Nicole S. Murray, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}     Defendant appeals from a district court judgment and sentence entered after he was found guilty of three counts of aggravated assault (deadly weapon), and one count of unlawful carrying of a deadly weapon. We issued a second calendar notice

proposing to affirm. Defendant has responded with a memorandum in opposition. We affirm.

{2}     **Issue 1:** Defendant's original docketing statement raised the issue of whether the district court improperly imposed fees as a part of his sentence, because the court did not take into account Defendant's indigency. [DS 2] The judgment states that the payment of these fees is to be directed by Defendant's parole officer. [RP 161] Pursuant to NMSA 1978, Section 31-12-3(C) (1993), when a defendant is called upon to pay these fees, they may at that time raise the inability to pay as a defense - the failure to pay must be wilful. As such, the issue is not ripe, because there is no indication that a demand for payment of these fees has been made, or that Defendant will not be excused of his obligation in whole or in part as a result of his indigency, or that Defendant will be given the opportunity to participate in community service in lieu of the payments. *See* NMSA 1978, § 31-12-3(A) (1993); *New Energy Economy, Inc. v. Shoobridge*, 2010-NMSC-049, ¶ 18, 149 N.M. 42, 243 P.3d 746 ("The mere possibility or even probability that a person may be adversely affected in the future by official acts fails to satisfy the actual controversy requirement." (alteration, internal quotation marks, and citation omitted)).

{3}     **Issue 2:** Defendant's supplemental docketing statement challenged the district court's ruling denying his motion to reduce sentence. [SDS 3]  Defendant's motion

2

argued that his post-arrest conduct weighed in favor of a reduced sentence, including running his sentences concurrently instead of consecutively. [SDS 2-3] We review the district court's sentencing for abuse of discretion. *See State v. Bonilla*, 2000-NMSC-037, ¶ 6, 130 N.M. 1, 15 P.3d 491. "Judicial discretion is abused if the action taken by the trial court is arbitrary or capricious. . . . Such abuse of discretion will not be presumed; it must be affirmatively established." *Id.* (internal quotation marks and citation omitted). Because the decision to reduce a sentence is a matter within the sound discretion of the district court, and there are no legal defects here such as failure to award pre-sentence confinement credit or double jeopardy concerns, we defer to the district court's discretion. *See State v. Follis*, 1970-NMCA-083, ¶ 8, 81 N.M. 690, 472 P.2d 655 ("The suspension or deferment of a sentence is not a matter of right but is an act of clemency within the [district] court's discretion."); *see also State v. Allen*, 2000-NMSC-002, ¶ 91, 128 N.M. 482, 994 P.2d 728 (stating that "whether multiple sentences for multiple offenses run concurrently or consecutively is a matter resting in the sound discretion of the trial court").

**{3}** For the reasons discussed above, we affirm.

**{4}** **IT IS SO ORDERED.**

_____

**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**CYNTHIA A. FRY, Judge**