This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39370**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**JEREMY BALDONADO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**James Lawrence Sanchez, District Judge**

Hector H. Balderas, Attorney General
Benjamin Lammons, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Mark A. Peralta-Silva, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** Defendant Jeremy Baldonado appeals his conviction for aggravated fleeing a law enforcement officer, contrary to NMSA 1978, Section 30-22-1.1 (2003, amended 2022). Defendant raises three issues on appeal: (1) there is insufficient evidence to sustain his conviction; (2) the district court abused its discretion by admitting testimony from Officer Hernandez about a crystal-like substance found in Defendant's sock; and (3) the district court erred in sentencing Defendant to the full sentence permitted by statute. We affirm.

**DISCUSSION**

**I.      Sufficient Evidence Supports Defendant's Conviction**

**{2}**      Defendant challenges the sufficiency of the evidence to support his conviction. Specifically, Defendant argues there was insufficient evidence presented at trial that he "endangered the life of another person." *See* UJI 14-2217 NMRA (identifying element two of aggravated fleeing as whether "[t]he defendant drove willfully and carelessly in a manner that endangered the life of another person"). Applying our longstanding standard of review set forth in *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176, we conclude the evidence was sufficient to sustain Defendant's conviction for aggravated fleeing.

**{3}**      To determine if the defendant endangered another person's life, the question is "whether [the defendant] put the community at risk of harm when he fled the police." *State v. Vest*, 2021-NMSC-020, ¶ 39, 488 P.3d 626. It is not required that the state prove that an "identifiable person was actually endangered as result of the defendant's flight." *Id.* ¶ 19. Instead, "the focus is on whether a defendant drove so dangerously that he could have hurt someone who could have been in the vicinity of the pursuit." *Id.* ¶ 39. As such, "[t]he act of driving in a dangerous manner while fleeing police is enough to convict a defendant of aggravated fleeing." *Id.*

**{4}**      At trial, the jury heard testimony from a single witness, the officer who pursued Defendant as he fled from the police. The officer attempted a traffic stop after observing Defendant operating a four-wheeler with a passenger on board. As characterized by the officer at trial, Defendant was driving "carelessly" and "was just all over" while hitting speeds of approximately twenty-five to thirty miles per hour. After briefly losing sight of Defendant, the officer followed the four-wheeler's tracks onto a cement ditch bank until he encountered Defendant laying alongside the four-wheeler in the ditch bank. Defendant's passenger could not be located.

**{5}**      Based upon this evidence, a rational jury could have concluded that Defendant endangered the life of another person, namely his passenger. Taken together, the evidence of Defendant fleeing from police on four-wheeler with a passenger, coupled with the rate of speed, Defendant's driving behavior, and the circumstances in which the officer found Defendant, is sufficient to sustain Defendant's conviction for aggravated fleeing.

**II.      The District Court Did Not Abuse Its Discretion in Allowing Testimony About a Crystal-Like Substance Found on Defendant**

**{6}**      Defendant also argues that the district court improperly admitted testimony from the officer that while hospital staff was removing Defendant's mud-covered clothing, "they found a crystal-like substance in one of [Defendant's] socks." Defendant argues this testimony was more prejudicial than probative.

**{7}** "As a general rule, the admission of evidence is entrusted to the discretion of the district court, and rulings of the district judge will not be disturbed absent a clear abuse of discretion." *State v. Gutierrez*, 2011-NMCA-088, ¶ 17, 150 N.M. 505, 263 P.3d 282 (alterations, internal quotation marks, and citation omitted). "Because a determination of unfair prejudice is fact sensitive, much leeway is given [to] trial judges who must fairly weigh probative value against probable dangers." *State v. Otto*, 2007-NMSC-012, ¶ 14, 141 N.M. 443, 157 P.3d 8 (internal quotation marks and citation omitted). A district court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Rule 11-403 NMRA.

**{8}** Defendant initially argues that the district court failed to conduct a balancing test under Rule 11-403 and thus "failed to consider the prejudicial impact this testimony would have on the jury." Defendant, however, has not provided any authority for the proposition that the district court is required to engage in the exercise of balancing on the record, and we will not presume from the absence of findings in the record that the district court did not consider the prejudicial impact of the evidence when ruling on its admission. *See State v. Gonzales*, 1999-NMCA-027, ¶ 11, 126 N.M. 742, 975 P.2d 355 ("No rule of criminal procedure requires the district court to set forth the factual basis of its decision."); *see also State v. Finnell*, 1984-NMSC-064, ¶ 23, 101 N.M. 732, 688 P.2d 769 ("Abuse of discretion must be shown and will not be presumed.").

**{9}** On the merits, we cannot conclude that the district court abused its discretion in admitting the officer's testimony. In the court's view, it went to Defendant's motive for fleeing officers. *See* Rule 11-404(B)(2) NMRA (permitting the admission of uncharged wrongful acts for proper purposes, including motive). Defendant argues that the testimony lacked probative value and was prejudicial because it "added nothing to the jury's consideration of the alleged aggravated fleeing" and because "the reason why [Defendant] was avoiding the officer was not at issue at trial." Under our rules of criminal procedure, however, Defendant's motive for flight does not need to be at issue for the testimony to have probative value. *See Otto*, 2007-NMSC-012, ¶ 11 ("There is nothing in Rule 11-404(B) that requires evidence admitted under this rule be offered only to rebut evidence presented by the defense."). And while Defendant contends the "evidence likely played a significant role," such argument falls short of demonstrating that the testimony's probative value was substantially outweighed by its prejudicial effect. *State v. Ruiz*, 1995-NMCA-007, ¶ 12, 119 N.M. 515, 892 P.2d 962 (observing that "the fact that evidence is prejudicial is not grounds for excluding it; exclusion is required only when the danger of unfair prejudice . . . outweighs the legitimate prejudice that is otherwise known as probative value" (internal quotation marks and citation omitted)); *see also State v. Salgado*, 1991-NMCA-111, ¶ 11, 112 N.M. 793, 819 P.2d 1351 ("To exclude evidence because of its prejudicial effect, that effect must *substantially* outweigh its probative value." (emphasis added)). We perceive no abuse of discretion in the district court's decision to admit the testimony.

## III.  Defendant's Sentence Was Appropriate

**{10}** Defendant lastly contests the sentence imposed by the district court. According to Defendant, he argued for a year sentence, but because he invoked his right to a trial, the district court sentenced Defendant to the full sentence permitted by statute: a year and half. The district court appropriately sentenced Defendant within the bounds permissible, *see* NMSA 1978, § 31-18-15(A) (2019, amended 2022), and Defendant has not demonstrated the district court had a "policy" that appeared to penalize Defendant for exercising the right to a jury trial. *See State v. Bonilla*, 2000-NMSC-037, ¶¶ 6-8, 130 N.M. 1, 15 P.3d 491. We therefore conclude Defendant has not established an abuse of discretion in the district court's sentencing decision.

**CONCLUSION**

**{11}** For the foregoing reasons, we affirm Defendant's conviction and sentence.

**{12} IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**KATHERINE A. WRAY, Judge**