This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39397

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**ISAAC MONTANO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF ROOSEVELT COUNTY**
**Michael H. Stone, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Jane A. Bernstein, Assistant Attorney General
Albuquerque, NM

for Appellee

Harrison, Hart & Davis, LLC
Nicholas T. Hart
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**BACA, Judge.**

**{1}** Defendant Isaac Montano appeals from the denial of his motion for immediate release due to the COVID-19 pandemic. Defendant argues that the district court was required to hold a hearing and make specific findings of fact and conclusions of law before denying his motion. Defendant seeks remand to allow the district court to make findings of fact. We are not persuaded and affirm.

**BACKGROUND**

**{2}** On April 10, 2020, our Supreme Court issued Order No. 20-8500-012,[1] which amended the deadline for filing a motion to reduce a sentence under Rule 5-801(A) NMRA, stating that the deadline "may be waived by the court upon a showing of an extraordinary change in circumstances caused by the [COVID-19] public health emergency." On August 7, 2020, Defendant filed his pro se motion for immediate release due to the public health emergency. In his motion, Defendant cited both Rule 5-801(A) and Order No. 20-8500-012 as the basis for the motion.

**{3}** At the time Defendant filed his motion, Defendant was serving a twenty-year prison sentence for second-degree murder and armed robbery. In 2010, Defendant pled guilty to second-degree murder as well as armed robbery for the armed robbery and murder of Donald Chapman, who was 69 years old at the time of his death.

**{4}** A plea hearing was held on July 2, 2010, during which the following facts were presented in support of the plea. On July 7, 2008, the Portales Police Department responded to a call concerning a bloodied person, later identified as Defendant, walking through town. When police located Defendant, they found him in possession of a .22 caliber firearm, a bloody knife wrapped in a t-shirt, and Mr. Chapman's wallet. Police then went to Mr. Chapman's home. There, police found blood in the doorway of the home as well as the kitchen. They also found Mr. Chapman sitting in a chair bleeding from what appeared to be stab wounds. Mr. Chapman was taken to the local hospital and then airlifted to a hospital in Lubbock, Texas, where he was pronounced dead on arrival. The beating of Mr. Chapman was so severe, he was almost unrecognizable to his family and it was not until the autopsy of his body was performed that it was learned he had not only been stabbed but was also shot.

**{5}** During the plea hearing, Defendant claimed that while he was at Mr. Chapman's home, Mr. Chapman made sexual advances to him and Defendant hit Mr. Chapman in the face with a soda can. Defendant claimed that Mr. Chapman then pulled a gun out of a towel and was shot while he and Mr. Chapman engaged in a struggle for the gun. However, the autopsy of Mr. Chapman's body revealed that Mr. Chapman was shot at a distance.

**{6}** At the plea hearing, Defendant's criminal history since 1986 was presented to the district court as relevant to sentencing. Defendant's history includes convictions for residential burglary, larceny, felony shoplifting, battery on a peace officer (twice), tampering with evidence, and theft of a credit card.

**{7}** In the plea agreement, Defendant agreed that he would serve at least fifteen years, but could receive up to twenty years maximum, at the discretion of the district

---

[1]Order, *In the Matter of the Amendment of Certain Procedural Requirements for All Judicial Proceedings & Case Types During the COVID-19 Public Health Emergency*, No. 20-8500-012 (April 10, 2020), https://www.nmcourts.gov/wp-content/uploads/2020/12/Order-No_-20-8500-012-Amendments-to-Certain-Procedrual-Requirements-for-all-Proceedings-and-Case-Types-During-COVID-19-PHE-4-10-20.pdf.

court. Finding no reason to mitigate Defendant's sentence, the district court sentenced Defendant to the maximum sentence of twenty years in prison allowed under the plea agreement. The district court sentenced Defendant to fifteen years in the Department of Corrections for the murder charge and nine years for the armed robbery charge to run consecutively for a total of twenty-four years in prison. The district court suspended the final four years of Defendant's sentence and designated Defendant's convictions as serious violent offenses under NMSA 1978, Section 33-2-34(L)(4)(a) and (h) (2006, amended 2015), meaning Defendant would have to serve eighty-five percent of his sentence.[2]

**{8}** On November 16, 2020, Defendant requested a telephonic hearing on the motion for immediate release or to reduce his sentence due to COVID-19. On November 19, 2020, the district court filed its order denying Defendant's motion for immediate release. The district court denied the motion without holding a hearing. Defendant originally appealed the denial of his motion to this Court on November 30, 2020. We certified this matter to our Supreme Court, but it declined our request.

## DISCUSSION

**{9}** Defendant argues that the district court was required to hold a hearing and to make specific findings of fact and conclusions of law before denying his motion. We disagree and explain. Here, Defendant is seeking a reduction or alteration of his sentence pursuant to Rule 5-801(A), which provides:

> A motion to reduce a sentence may be filed within ninety (90) days after the sentence is imposed, or within ninety (90) days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within ninety (90) days after entry of any order or judgment of the appellate court on direct appeal denying review of, or having the effect of upholding, a judgment of conviction. A motion to reduce a sentence may also be filed upon revocation of probation as provided by law. Changing a sentence from a sentence of incarceration to a sentence of probation shall constitute a permissible reduction of sentence under this paragraph.

Pursuant to the Supreme Court Order, the deadline for filing a motion pursuant to Rule 5-801(A) "may be waived by the court upon a showing of an extraordinary change in circumstances caused by the [COVID-19] public health emergency."

**{10}** In support of his motion and in an effort to establish "an extraordinary change in circumstances," Defendant contends that because of the COVID-19 public health

---

[2]"Under Section 33-2-34, a prisoner may earn meritorious deductions in certain circumstances. If the offense is a nonviolent offense, the defendant may earn up to thirty days per month of time served." *State v. Solano*, 2009-NMCA-098, ¶ 9, 146 N.M. 831, 215 P.3d 769. However, if the offense is designated as a serious violent offense, "the sentence reduction is limited to no more than four days per month of time served." *Id* (citing Section 33-2-34(A)(1)).

emergency and because he suffers from a number of illnesses that make him immunocompromised and make him "particularly susceptible to serious side effects or death if he contracted COVID-19," his sentence should be reduced. He further contends that his sentence should be reduced because he is a model inmate with no disciplinary record, who has attained an associate degree and a certificate in liberal arts while serving his sentence. Defendant also contends that at the time of the filing of the motion he had served 75 percent of his sentence. The State responds that Defendant failed to cite any authority to suggest that the district court abused its discretion in denying his motion, particularly where (1) the sentence is statutorily authorized, (2) the sentence was agreed to, and (3) the minimum term to be completed has admittedly not yet been served at the time the reduction was requested.

**{11}** "We review the [district] court's sentencing for an abuse of discretion." *State v. Gardner*, 2003-NMCA-107, ¶ 39, 134 N.M. 294, 76 P.3d 47 (internal quotation marks and citation omitted). "Judicial discretion is abused if the action taken by the trial court is arbitrary or capricious. Such abuse of discretion will not be presumed; it must be affirmatively established.'" *State v. Bonilla*, 2000-NMSC-037, ¶ 6, 130 N.M. 1, 15 P.3d 491 (omission, internal quotation marks, and citation omitted).

**{12}** Preliminarily, we observe that Defendant fails to refer this Court to any authority that supports his claim that findings of fact are required to permit appellate review of the district court's decision. He cites only civil cases in support of this proposition. In all of the cases cited, the court's decision required the resolution of disputes of fact between the parties. These cases apply the settled principle that when findings are insufficient to resolve basic issues in dispute, they are insufficient to permit meaningful appellate review and necessitate remand. *See Kruskal v. Moss*, 1998-NMCA-073, ¶ 10, 125 N.M. 262, 960 P.2d 350 (reversing and remanding where "the trial court's findings and conclusions fail[ed] to adequately disclose how it arrived at its decision that the amounts claimed by the parties were 'exactly equal'"); *Edens v. Edens*, 2005-NMCA-033, ¶ 33, 137 N.M. 207, 109 P.2d 295 (concluding that "the trial court abused its discretion by ruling on [the w]ife's motion for fees and costs without considering the argument of counsel on the issue and without entering findings and conclusions" when the relevant precedent requires an award of attorney fees in a domestic relations case to be supported by findings of fact and conclusions of law on the issue). We assume, therefore, that no such authority exists. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (explaining that "[w]e assume where arguments in briefs are unsupported by cited authority, counsel after diligent search, was unable to find any supporting authority. We therefore will not do this research for counsel. Issues raised in appellate briefs which are unsupported by cited authority will not be reviewed by us on appeal." (citation omitted)).

**{13}** To the extent that Defendant is arguing that the failure of the district court to hold a hearing and to make findings and conclusions was an abuse of discretion, we are unpersuaded. In this case, Defendant was sentenced to twenty-years of imprisonment pursuant to the terms of the plea agreement. Defendant was sentenced to fifteen years of imprisonment as to the second-degree murder conviction and nine years of

imprisonment as to the armed robbery conviction to be served consecutively for a total of twenty-four years. However, the district court suspended four years of the sentence resulting in twenty years of imprisonment.

**{14}** Sentencing for felony convictions is governed by NMSA 1978, Section 31-18-15 (2007, amended 2022).[3] Section 31-18-15(A) establishes basic sentences of imprisonment for various felonies. It provides that the basic sentence for a second-degree felony resulting in death is fifteen years imprisonment, § 31-18-15(A)(4), and the basic sentence for a second-degree felony is nine years imprisonment. Section 31-18-15(A)(6). Section 31-18-15(B) provides that "[t]he appropriate basic sentence of imprisonment shall be imposed upon a person convicted and sentenced pursuant to Subsection A of this section, unless the court alters the sentence pursuant to the provisions of the Criminal Sentencing Act." Thus, "[t]he district court may alter the sentence in consideration of aggravating or mitigating circumstances as provided in other statutes." *State v. Cumpton*, 2000-NMCA-033, ¶ 8, 129 N.M. 47, 1 P.3d 429. However, "[i]f the judge determines to alter the basic sentence, the judge shall issue a brief statement of reasons for the alteration and incorporate that statement in the record of the case." NMSA 1978, Section 31-18-15.1(F) (2009). "No record is required to be made when the [district court] simply imposes the basic sentence for the particular degree of crime." *Cumpton*, 2000-NMCA-033, ¶ 8. "There is no obligation on the part of a [district court] to depart from the basic sentence." *Id.* ¶ 12.

**{15}** Here, the district court imposed basic sentences for each charge for which Defendant was convicted. Defendant's motion seeks a reduction from the basic sentences imposed by the district court. The district court denied the motion thereby leaving the basic sentences undisturbed. Therefore, the district court was not required to hold a hearing or make a record of the mitigating or aggravating circumstances it relied on or to explain its reasons because it did not depart from the basic sentence. *See id.* ("There is no obligation on the part of a [district court] to depart from the basic sentence. The opportunity for a district court to mitigate a sentence depends solely on the discretion of the court and on no entitlement derived from any qualities of the defendant."). Thus, the district court did not abuse its discretion.

**{16}** Finally, we observe that Defendant makes no argument that the information in the record requires modification of Defendant's sentence or that the district court's decision was unreasonable or arbitrary. Without a developed argument on this point, we rely on our presumption of correctness of the district court's decision and affirm. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (holding that there is a presumption of correctness in the rulings or decisions of the district court, and the party claiming error bears the burden of showing such error.) Here, Defendant has not met his burden of showing error and we, therefore, affirm the order of the district court.

---

3Because Defendant's sentence occurred in 2010, we refer to the 2010 version of Section 31-18-15 referencing the 2007 amendment that was operative at that time.

**CONCLUSION**

**{17}** For the reasons set forth above, we affirm.

**{18}  IT IS SO ORDERED.**

**GERALD E. BACA, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**JANE B. YOHALEM, Judge**