This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40873**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**MICHAEL GUTIERREZ,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**William G.W. Shoobridge, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Caitlin C.M. Smith, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** Defendant appeals his convictions for aggravated assault (deadly weapon), criminal trespass, harassment, and criminal damage to property. We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. We affirm.

**{2}** Issue 1: Defendant continues to challenge the district court's denial of the State's motion for a continuance. [MIO 4] "The grant or denial of a motion for a continuance rests within the sound discretion of the trial court, and the burden of establishing an

abuse of discretion rests with the defendant." *State v. Torres*, 1999-NMSC-010, ¶ 10, 127 N.M. 20, 976 P.2d 20 (internal quotation marks and citation omitted). "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. We cannot say the trial court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." *State v. Salazar*, 2007-NMSC-004, ¶ 10, 141 N.M. 148, 152 P.3d 135 (internal quotation marks and citation omitted). "[The d]efendant must establish not only an abuse of discretion, but also that the abuse was to the injury of the defendant." *Id.* (internal quotation marks and citation omitted); *see also State v. Salazar*, 2006-NMCA-066, ¶ 21, 139 N.M. 603, 136 P.3d 1013 ("The trial court has broad discretion in granting or denying a motion for a continuance, and absent a demonstrated abuse resulting in prejudice to the defendant, there is no basis for reversal." (internal quotation marks and citation omitted)).

**{3}**     Here, the State filed a motion to continue the trial based on the unavailability of one of its witnesses. [RP 313] Defendant opposed the motion, but he now claims that the district court should have granted the State's request. [MIO 4] However, Defendant may not now claim error when he opposed the continuance below. *See State v. Jim*, 2014-NMCA-089, ¶ 22, 332 P.3d 870 ("It is well established that a party may not invite error and then proceed to complain about it on appeal.").

**{4}**     Issue 2: Defendant continues to challenge the sufficiency of the evidence to support his four convictions. [MIO 4] "The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilty beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Montoya*, 2015-NMSC-010, ¶ 52, 345 P.3d 1056 (internal quotation marks and citation omitted). The reviewing court "view[s] the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. We disregard all evidence and inferences that support a different result. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Salgado*, 1999-NMSC-008, ¶ 25, 126 N.M. 691, 974 P.2d 661 (internal quotation marks and citation omitted).

**{5}**     In this case, the jury instructions set forth the elements for aggravated assault (deadly weapon), criminal trespass, harassment, and criminal damage to property. [RP 361-367] Our calendar notice proposed to hold that the State presented sufficient evidence to support the convictions. Specifically, the evidence indicates that Defendant harassed his neighbors over a period of time, including entering onto their property after being told not to do so. [DS 4-5] On one occasion, he swung a wrench at the head of one of his neighbors. [DS 5] There was also evidence that Defendant broke a window on his neighbors' property, and pulled out their internet cables. [DS 5-6] Defendant's memorandum in opposition does not point out any error in fact or law in our analysis. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our

courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). We conclude Defendant's convictions to be based upon sufficient evidence.

**{6}** Issue 3: Defendant continues to challenge the harshness of his sentence. [MIO 5] He does not dispute that the sentence fell within the district court's statutory authority, specifically pointing out that the district court entered a sentence authorized by law. [DS 8] We note that it has long been the law in New Mexico that the district court does not abuse its discretion by imposing a sentence that is authorized by law. *See State v. Augustus*, 1981-NMCA-118, ¶ 7, 97 N.M. 100, 637 P.2d 50 (observing that a jail sentence imposed upon a defendant, which was in accordance with the law did not constitute an abuse of discretion).

**{7}** Defendant asserts that the sentence is nevertheless unlawful because he was punished for exercising his right to trial, and would have received a lighter sentence if he entered into a plea agreement. [MIO 6] However, Defendant has not pointed to anything in the record that indicates that this sentence was a punishment imposed for Defendant's choice to exercise his right to a jury trial. *Cf. State v. Bonilla*, 2000-NMSC-037, ¶¶ 8, 15, 130 N.M. 1, 15 P.3d 491 (holding that the defendant was improperly punished for his exercise of his right to a trial by jury, based on evidence in the record that the district court had a policy of imposing the full sentence when a defendant chose to go to trial). Although the district court observed that that Defendant's presentence confinement was longer than the period of incarceration imposed in some other cases involving these offenses, we view this comment in the context of the district court's statements that Defendant had violated his conditions of release and that he had terrorized the victims and made their lives "a living hell." [MIO 5-6] Therefore, Defendant's assertion that he was punished for not entering a plea deal is not supported by the record. *See In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice.").

**{8}** For the reasons set forth above, we affirm.

**{9}** **IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**JACQUELINE R. MEDINA, Judge**