This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-41211**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.

**JOHNATHAN M. BARELA a/k/a
JOHNATHAN MICHAEL BARELA,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY
Emilio J. Chavez, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Johnathan M. Barela
Las Vegas, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

**{1}** Defendant, who is self-represented, is appealing from an order of conditional discharge after a bench trial where he was found guilty of aggravated fleeing and aggravated DWI (refusal). We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. We affirm.

**{2}** We have organized Defendant's issues as follows.

**{3}** Issue 1: Defendant continues to challenge the evidence relating to entrapment. The district court denied Defendant's motion to dismiss after he claimed that he was entrapped because the officers told him he could drive away and then arrested him for DWI and aggravated fleeing. [RP 161] The district court ruled that the dangerous way Defendant left the scene would not have allowed him to rely on entrapment even if he had been told he could leave the scene. [RP 161] In addition, the entrapment defense relied on Defendant's credibility, and the district court ruled that he would allow a jury to consider this at any jury trial that took place. Because Defendant had a bench trial, the district court was the factfinder in this case, and we will not overturn its resolution of the credibility of Defendant's claim. *See State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314 (noting that the fact-finder is free to reject a defendant's version of events).

**{4}** Issue 2: Defendant has argued that the State withheld evidence relating to chain of custody of blood test results. Defendant requested the chain of custody documents at his trial. [RP 180] The State responded that it would send the documents later that day. [RP 180] Defendant did not thereafter object to the admission of the chain of custody form (Exh. 3) and he cross-examined the State's witness on the matter. Defendant has therefore not established prejudice. *See State v. Fernandez*, 1994-NMCA-056, ¶ 13, 117 N.M. 673, 875 P.2d 1104 ("In the absence of prejudice, there is no reversible error."); *State v. Fairweather*, 1993-NMSC-065, ¶ 31, 116 N.M. 456, 863 P.2d 1077 ("The mere assertion of prejudice, without more, is insufficient to establish prejudicial error warranting reversal of a conviction.").

**{5}** Issue 3: Defendant claims that the charges are not supported by the evidence. We construe this as a challenge to the sufficiency of the evidence. When assessing the sufficiency of the evidence, "we view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Samora*, 2016-NMSC-031, ¶ 34, 387 P.3d 230 (internal quotation marks and citation omitted). We disregard all evidence and inferences that support a different result. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. "We then determine whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Garcia*, 2016-NMSC-034, ¶ 15, 384 P.3d 1076 (internal quotation marks and citation omitted). "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *State v. Largo*, 2012-NMSC-015, ¶ 30, 278 P.3d 532 (internal quotation marks and citation omitted).

**{6}** Defendant was found guilty on one count of aggravated fleeing a law enforcement officer. *See* NMSA 1978, § 30-22-1.1 (2022). Defendant was also found guilty of one count of aggravated DWI (refusal). *See* NMSA 1978, § 66-8-102(D)(3) (2016). Our calendar notice observed that a docketing statement should contain "a concise, accurate statement of the case summarizing all facts material to a consideration of the issues presented." Rule 12-208(D)(3) NMRA. Defendant's docketing wholly failed to satisfy this obligation. *See State v. Chamberlain*, 1989-NMCA-

082, ¶ 11, 109 N.M. 173, 783 P.2d 483 (stating that where an appellant fails "to provide us with a summary of all the facts material to consideration of [his or her] issue, as required by . . . Rule 12-208[(D)(3)], we cannot grant relief on [that] ground"). This is particularly unsettling where, as here, much of the evidence consists of a video recording of the incidents at issue. Defendant's memorandum in opposition also omits any description of the material facts. Nevertheless, as explained below, we conclude that the evidence was sufficient to support the convictions.

**{7}** The State's evidence to support the aggravated fleeing conviction consisted of Defendant evading and driving away from the officer in a dangerous manner. [RP 183-184] *See State v. Vest*, 2021-NMSC-020, ¶ 26, 488 P.3d 626 (holding that the felony of aggravated fleeing occurs where a defendant evades a police officer by driving in a dangerous manner). It also appears that Defendant refused to comply with an officer's attempt to obtain a breath test, making it necessary to obtain a warrant for a blood draw. [RP 185] Our calendar notice presumed that the videotape of the incident also showed Defendant's refusal to submit to the implied consent process. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that "[t]here is a presumption of correctness in the district court's rulings," and it is the appellant's burden on appeal to clearly demonstrate any claimed error). We instructed Defendant to describe the video and any facts specifically related to the issue of refusal. He has not done so. As a result, Defendant has not provided us with any indication that our presumption of refusal was inaccurate.

**{8}** Issue 4: Defendant challenges his sentence. It has long been the law in New Mexico that the district court does not abuse its discretion by imposing a sentence that is authorized by law. *See State v. Augustus*, 1981-NMCA-118, ¶ 7, 97 N.M. 100, 637 P.2d 50 (observing that a jail sentence imposed upon a defendant, which was in accordance with the law did not constitute an abuse of discretion). There are a limited number of exceptions to this rule. *See, e.g., State v. Bonilla*, 2000-NMSC-037, ¶¶ 8, 15, 130 N.M. 1, 15 P.3d 491 (holding that the defendant was improperly punished for his exercise of his right to a trial by jury, based on evidence in the record that the district court had a policy of imposing the full sentence when a defendant chose to go to trial). Defendant has not established that an abuse of discretion as recognized in our jurisprudence occurred here.

**{9}** Other Issues: Defendant has made other claims of error, but he has not provide sufficient facts for us to review these claims, instead making conclusory assertions of error. We therefore reject these claims in the absence of an actual showing of error. *See Premier Tr. of Nevada, Inc. v. City of Albuquerque*, 2021-NMCA-004, ¶ 10, 482 P.3d 1261 ("[I]t is the appellant's burden to demonstrate, by providing well-supported and clear arguments, that the district court has erred.").

**{10}** For the reasons set forth above, we affirm.

**{11} IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**SHAMMARA H. HENDERSON, Judge**